UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GULFSTREAM DEVELOPMENT
GROUP, LLC,

    Plaintiff,

v.                                                             CASE NO: 8:08-cv-1643-T-23MAP

JEREMY A. SCHWARTZ, et al.,

    Defendants.

v.

BRIAN HAAG, et al.,

    Third Party Defendants.
    _____/

GULFSTREAM DEVELOPMENT
GROUP, LLC,

    Plaintiff,

v.                                                             CASE NO: 8:08-cv-1666-T-23TGW

JEREMY A. SCHWARTZ, et al.,

    Defendants.

v.

BRIAN HAAG, et al.,

    Third Party Defendants.
    _____/

## **ORDER**

In case no. 8:08-cv-1666-T-23-TGW, the National Credit Union Administration, as Liquidating Agent for Huron River Area Credit Union ("NCUA"), moves (Docs. 120) to dismiss the third-party claims against NCUA. Jeremy A. Schwartz, Deena Schwartz,

Sharon L. Schwartz, David J. Schwartz, Mitchell J. Davie, Antonio J. Flores, Sandra V. Flores, and Shailesh Gupta (together, the "third-party plaintiffs") respond (Doc. 128) in opposition, and NCUA (Doc. 145) replies with leave of court.

Certain third-party plaintiffs entered into a construction loan agreement with the Construction Loan Company ("CLC") and executed a promissory note and mortgage (the "notes") in favor of CLC, and CLC later assigned the notes to Huron River Area Credit Union ("Huron").[1] On November 17, 2007, Huron was placed into involuntary liquidation by the NCUA Board, which was appointed liquidating agent of Huron pursuant to 12 U.S.C. § 1787(a)(1)(A).

The third-party plaintiffs allege that they were duped by various parties acting in concert, including Gulfstream Development Group, LLC ("Gulfstream"), the United Mortgage Corporation, and CLC, to purchase as an investment real property in Lee County. On or about July 3, 2007, Gulfstream sued the third-party plaintiffs and others in the Circuit Court for Lee County and alleged breach of construction contracts and related claims. On or about August 9, 2007, the third-party plaintiffs served their "Answer, Affirmative Defenses, Counterclaim, and Third Party Complaint." (Doc. 73[2]). On January 23, 2008, NCUA removed the action to the United States District Court for

---

[1] See Doc. 73 ¶ 370(d) (Gupta); ¶ 381(e) (David Schwartz); ¶ 399(i) (Mitchell Davie) But see Doc. 73 ¶ 351(e) & (f) (alleging that Jeremy and Deena Schwartz executed a construction with National Mortgage, not CLC); ¶ 358(e) & (f) (alleging that Antonio and Sandra Flores executed a construction with National Mortgage, not CLC); ¶ 377(e) & (f) (alleging that Sharon Schwartz executed a construction with National Mortgage, not CLC).

[2] NCUA apparently failed on removal to file copies of the pleadings as required by 28 U.S.C. § 1446(a). Following a July 4, 2008, order to show cause why the action should not be dismissed, the third-party plaintiffs filed (Doc. 73) the third-party complaint, and NCUA filed (Doc. 76-13) an incomplete copy of the third-party complaint.

the Middle District of Florida, Fort Myers Division, case no. 2:08-cv-52-FtM-29DNF.  An August 8, 2008, order consolidates this action with case no. 2:07-cv-844-FtM-29DNF and transfers the consolidated actions to the Tampa division.

For the reasons stated in an April 22, 2009, order (Doc. 184) in case no 8:08-cv-1643-T-23MAP, NCUA's motion (Docs. 120) to dismiss the third-party claims against NCUA is **GRANTED** to the extent that the third-party plaintiffs' claims again NCUA are **DISMISSED** with leave to re-plead.  On or before **May 25, 2009**, the third-party plaintiffs may file an amended complaint.  An amended complaint shall comply with Rules 9(b), Federal Rules of Civil Procedure, shall state the circumstances constituting fraud with respect to Huron in particular, and shall assert no claim against NCUA (or against "Banks" defined to include NCUA) on behalf of any third-party plaintiff whose construction loans was neither executed by nor assigned to Huron.  Failure to amend timely will result in dismissal with prejudice as to NCUA.

ORDERED in Tampa, Florida, on April 22, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE